**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>     v.<br><br>HECTOR ELISEO MENDOZA,<br><br>                                Defendant. | Case No. 21-cr-03544-BAS-1<br>Case No. 23-cv-01853-BAS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 (ECF No. 62)** |

   Presently before the Court is Defendant Hector Eliseo Mendoza's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Mot., ECF No. 62.) The Government opposes. (ECF No. 64.)

   Contrary to the representations in Defendant's § 2255 Motion, Defendant did not have a trial in his case. Instead, on June 6, 2022, he pled guilty to entering the United States illegally after deportation in violation of 8 U.S.C. § 1326. (ECF No. 33.) The Court sentenced Defendant to thirty-seven months in custody. (ECF No. 44.) Defendant now claims: (1) he received ineffective assistance from his counsel,

who told him he would only be sentenced to eighteen months in custody; (2) the Court inappropriately relied on old criminal convictions; (3) the Judge was too hard on him; and (4) his counsel was ineffective because he never spoke with family members and was a very bad attorney. (Mot.)

For the reasons stated below, the Court **DENIES** the Motion under 28 U.S.C. § 2255.

I.   Background

Defendant entered into a written plea agreement. (Plea Agreement, ECF No. 35.) In the Plea Agreement, Defendant agreed: (1) he was facing a maximum of twenty years in custody (*id.* § III.A), (2) no one had made any promises to get him to plead guilty other than those written in the Plea Agreement or made in open court (*id.* § VI.B), (3) his sentence would be "within the sole discretion of the sentencing judge who may impose the maximum provided by statute" (*id.* § VI.B), and (4) "any estimate of the probable sentence by defense counsel is not a promise and is not binding on the court" (*id.* § IX). At his plea colloquy, Defendant confirmed that this Plea Agreement had been translated into Spanish for him, and he understood everything in it. (Plea Colloquy 6:1–13, 7:2–4, ECF No. 60.)

In the Plea Agreement, Defendant also stated he was satisfied with the representation of his attorney. (Plea Agreement § XV.) He waived his right to appeal or collaterally attack his sentence except for the issue of ineffective assistance of counsel. (*Id.* § XI.)

At his oral guilty plea, after being placed under oath (Plea Colloquy 3:4–16), Defendant was again advised that he was facing a maximum of twenty years in custody (*id.* 5:4–9). He said he understood the sentencing judge could sentence him outside of his guideline range. (*Id.* 7:20–8:2.) He also confirmed that he was waiving his right to appeal or collaterally attack his sentence. (*Id.* 6:16–22, 20–24.)

Defendant is a forty-two-year-old El Salvadoran who has been deported multiple times from the United States. (Presentence Report, ECF No. 38.) He was

deported after serving two years in custody following a 2005 conviction for sexual assault of a child.  (*Id.* ¶¶ 24–30.)  He was deported after a 2016 misdemeanor conviction for entering the United States illegally for which he served forty-five days in custody.  (*Id.*)  And he was deported after serving another two-year sentence following a 2020 conviction for false imprisonment with violence against his spouse or cohabitant.  (*Id.*)  Defendant faced a guideline range of fifty-seven to seventy-one months, and both the Government and the Probation Department recommended that the Court sentence Defendant to forty-six months in custody.  (Presentence Report ¶ 79; Government's Sentencing Summary Chart, ECF No. 39.)  Defendant's counsel persuaded the Court that Defendant's criminal history category was overrepresented.  (ECF No. 40.)  Counsel submitted letters of support for Defendant at sentencing that included a letter from the doctor treating Defendant's mother suffering from Parkinson's disease and a letter from Defendant's sister.  (ECF No. 50-1.) The Court ultimately sentenced Defendant to only thirty-seven months in custody.  (ECF No. 44.)

Defendant now claims:  (1) that he was deceived by his lawyer who told him he would serve "a minimum [sic] of 18 months" (Mot., Ground One); (2) his first offense was a long time ago, and he is now "sorry for hurting [his] wife," but he then contradictorily says that he has no criminal record (Mot., Ground Two); (3) the Judge was too hard on him (Mot., Ground Three); and (4) his attorney never spoke to his family members and is "very bad and only talks to [Defendant] with lies and badmouthing the other lawyer and the Judge herself" (Mot., Ground Four).

## II. Analysis

"[A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was ineffective." *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)).  Even in a claim of ineffective assistance of counsel in a guilty plea, Defendant must meet the

*Strickland* test; that is, he must show, first, "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases," and second, that he suffered actual prejudice as a result of this incompetence. *Lambert*, 393 F.3d at 979–80; *Hill*, 474 U.S. at 57–58.

"A deficient performance is one in which counsel made errors so serious that []he was not functioning as the counsel guaranteed by the Sixth Amendment." *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987). The court should not view counsel's actions through "the distorting lens of hindsight." *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995) (quoting *Deutscher v. Whitley*, 884 F.2d 1152, 1159 (9th Cir. 1989)).

In order to satisfy the second "prejudice" prong in a guilty plea case, "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. For example, in *United States v. Silveira*, 997 F.3d 911 (9th Cir. 2021), the Ninth Circuit affirmed the district court's determination that the defendant would have likely faced a longer sentence had he proceeded to trial rather than accept the plea agreement. Thus, in the absence of a viable defense, it was simply not plausible that the defendant would have proceeded to trial even if his attorney's advice was deficient. *Id.* at 915–16.

Further, a waiver of appeal will be upheld if it was knowingly and voluntarily made. *United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2016). Courts "will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo,* 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Thus, a court lacks jurisdiction to entertain appeals

where there was a valid and enforceable waiver of the right to appeal. *Id.* at 1152–53 (citing *United States v. Vences*, 19 F.3d 611, 6134 (9th Cir. 1999)).

Defendant fails to show that his attorney was ineffective. To the extent that he is arguing that his attorney did not tell him he would receive such a lengthy sentence, the record reflects otherwise. Both in the Plea Agreement and in open court, Defendant said he understood when he was told that the sentence would be up to the judge and he could be facing up to twenty years in custody. In his Plea Agreement, Defendant specifically agreed that "any estimate of the probable sentence by defense counsel is not a promise and is not binding on the court." (Plea Agreement § IX.) Furthermore, in his Plea Agreement, Defendant represented that no one had made any promises to him to get him to plead guilty other than those in the written plea agreement and those made in open court. (*Id.* § VI.B.)

To the extent Defendant argues that his attorney was generically "bad" and failed to speak to family members, again that is belied by the record. Counsel included letters of support at Defendant's sentencing, including a letter from the doctor treating Defendant's mother suffering from Parkinson's disease and a letter from Defendant's sister. (ECF No. 40-1.) Counsel did have some contact with family members. In addition, in his Plea Agreement, Defendant stated he was satisfied with the representation of his counsel. (Plea Agreement § XV.) He apparently had no problems with a "bad" attorney at that point in time.

Equally important, Defendant fails to show that but for any errors on his attorney's part, he would not have pled guilty and would have insisted on going to trial. Defendant had no clear defense to the charge. He was illegally in the United States, and he had been previously deported. Had he gone to trial, he was facing a sentencing guideline range of fifty-seven to seventy-one months in custody. Thus, the thirty-seven months he received was quite beneficial for him. Like the defendant in *Silveira*, it is simply not plausible that Defendant would have proceeded to trial in the absence of a viable defense and facing a substantially higher sentence. Defendant

fails to show there was a reasonable probability that, if his counsel had not been so "bad," that he would have gone to trial and faced this higher guideline range.

To the extent Defendant raises issues other than ineffective assistance of counsel (e.g., the Judge was too harsh and he either had no criminal record or his criminal record was a long time ago), he waived these issues as part of his Plea Agreement. Both the Plea Agreement and the Plea Colloquy support that this waiver of appeal was knowingly and voluntarily made.

### III. Conclusion

Defendant fails to show that his counsel was ineffective. Defendant also fails to show that he suffered any prejudice as a result of any claimed flaws in his attorney's performance. Finally, Defendant knowingly and voluntarily waived his right to appeal any issues other than ineffective assistance of counsel. Hence, the Motion filed pursuant to § 2255 (ECF No. 62) is **DENIED**. <u>Further, the Clerk of Court is ordered to close the civil companion case (No. 23-cv-01853-BAS)</u>.

\* \* \*

### CERTIFICATE OF APPEALABILITY

A district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the § 2255 movant. "A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003)).

Defendant's § 2255 Motion does not meet this standard. His arguments are without merit and his factual contentions are contradicted by the record before the

1  Court.  Accordingly, the Court declines to issue a certificate of appealability in this
2  action.
3       **IT IS SO ORDERED.**
4
5  DATED:  December 21, 2023

Hon. Cynthia Bashant
United States District Judge